■ LEON A. REICH, Respondent, v BOWERY SAVINGS BANK, Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated May 15, 1990, as, in effect, denied those branches of its motion which were for summary judgment dismissing the first and third causes of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's first and third causes of action are granted.

This appeal concerns two loans that were made by the Bowery Savings Bank (hereafter the Bowery). One was a personal loan to the plaintiff, Leon A. Reich, and the other

was a corporate loan to a corporation of which Reich was the President and a minority shareholder. The corporate loan was personally guaranteed by Reich and secured by 16,509 shares of stock of another corporation, Rynco Scientific Corporation (hereinafter Rynco). The personal loan was secured by 30,283 shares of Rynco stock.

Reich paid off the personal loan and requested a return of the 30,283 shares of Rynco stock. The Bowery refused to return the collateral and held it as additional security for the corporate loan which was assertedly in default and significantly undersecured. The Bowery continued to debit the corporation's account for interest on the loan until it assigned the loan to the Federal Deposit Insurance Corporation (hereinafter FDIC). Eventually, the FDIC settled with Reich, but, in the interim, the Rynco stock that had secured the loan became worthless.

Reich commenced this action seeking, in his first cause of action, to recover damages for the Bowery's alleged breach of contract in refusing to return the personal loan collateral after that loan had been paid off. The second cause of action sought damages for the Bowery's alleged negligence in permitting the value of the stock to decrease. Reich's third cause of action was for imposition of an equitable lien, or a constructive trust upon the Bowery's assets in a sum equal to the value of the collateral pledged for the personal loan.

The Bowery moved for summary judgment dismissing the complaint, and Reich cross-moved for summary judgment. The Supreme Court denied the Bowery's motion as to the first cause of action, and granted it as to the second cause of action. The second cause of action is the subject of a related appeal (see, Reich v Bowery Sav. Bank, 183 AD2d 882 [decided herewith]). The court did not specifically refer to the third cause of action. However, the third cause of action is tied together with the first cause of action, and seeks an alternative remedy for the same wrong alleged in the first cause for action.

Both the promissory note that Reich is alleged to have signed in connection with his personal loan and the promissory note that Reich actually signed in connection with the corporate loan provide, in pertinent part:

"To secure the payment of this note and any other liabilities of the undersigned to the Bank, whether now existing or hereafter arising, the undersigned grants to the Bank a security interest in the following collateral * * *

"(c) Any other property, tangible or intangible, owned by or [in] which the undersigned have an interest which is or may hereafter be in the possession or control of the Bank * * *

"If other liabilities of any of the undersigned to the Bank are in existence when this note is paid, then notwithstanding the surrender of this note, the Bank may retain the collateral and have all rights and remedies available to it including those granted or referred to in this note".

Paragraph seven of the personal guarantee that Reich signed in connection with the corporate loan also provides: *"Guarantor's Property Subject to Lien.* All property of the Guarantor shall be held by the Lender subject to a lien and security interest in favor of the Lender, as security for any and all liabilities of the Guarantor to the Lender. The term property of the Guarantor shall include all property of every description, now or hereafter in possession or custody of or in transit to the Lender for any purpose".

The foregoing provisions clearly establish that the Bowery was entitled to retain, as security for the corporate loan, the collateral from Reich's personal loan after the personal loan was paid in full. Accordingly, the Bowery is entitled to summary judgment dismissing the first and third causes of action. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.